| NORTH CAROLINA | ) | IN THE GENERAL COURT OF JUSTICE |
| --- | --- | --- |
| | ) FILED | SUPERIOR COURT DIVISION |
| STOKES COUNTY | ) 2018 MAR -9 P 2:10 | 18 CVS 184 |

| LIFEBRITE HOSPITAL GROUP OF STOKES, LLC, | ) ) ) | |
| --- | --- | --- |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT** |
| BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, | ) ) ) | |
| Defendant. | ) ) | |

Now comes Plaintiff LifeBrite Hospital Group of Stokes, LLC, complaining of Defendant Blue Cross and Blue Shield of North Carolina, alleges:

## FACTUAL BACKGROUND

1. LifeBrite Hospital Group of Stokes, LLC (hereinafter "LifeBrite") is a healthcare company organized and existing under the laws of the State of Georgia and is registered in North Carolina as a foreign company. LifeBrite's principal place of business is located in Danbury, Stokes County, North Carolina.

2. Blue Cross and Blue Shield of North Carolina (hereinafter "BCBSNC") is a not-for-profit corporation organized and existing under the laws of the State of North Carolina with its principal place of business in Durham County, North Carolina, and with offices in Wake County, North Carolina.

3. This is an action concerning the refusal of BCBSNC to compensate LifeBrite for covered services rendered to BCBSNC and/or its affiliate's insureds. This is also an action based on contract and breach of contract by BCBSNC, and for unjust enrichment by LifeBrite against BCBSNC.

4. This Court has jurisdiction over Defendant pursuant to N.C. Gen. Stat. 1-75.4 and other applicable law.

5. Venue is proper in this Court pursuant to N.C. Gen. Stat. 1-79 and other applicable law.

6. LifeBrite operates a critical access hospital known as LifeBrite Community Hospital of Stokes in Danbury, Stokes County, North Carolina (the "Hospital"). The Hospital offers a variety of customary hospital services, including inpatient, outpatient and outreach laboratory.

-1-

7. BCBSNC is the largest provider of private health insurance in North Carolina. It is a licensee of the Blue Cross Blue Shield Association (the "Association") which is a federation of thirty-six (36) independent health insurance organizations and companies (the independent plans are referred to as "BCBS Affiliates"). (https://www.bcbs.com/about-us/blue-cross-blue-shield-system)

8. The Association operates the Blue Card program which allows policy holders of BCBS Affiliates to secure healthcare nationwide from other BCBS Affiliates, including but not limited to BCBSNC. See Exhibit A.

9. LifeBrite and BCBSNC are parties to that Network Participation Agreement which requires LifeBrite to provide services to members covered by plans issued or administered by BCBSNC, its affiliates or another BCBS Affiliate (a "Member"). In turn, BCBSNC is required to compensate LifeBrite for such services. A copy of the Network Participation Agreement, and its assignment to LifeBrite, is attached hereto as Exhibit B. (pricing information is redacted).

10. The Network Provider Agreement adopts by specific reference and incorporates BCBSNC's policies and procedures. These policies and procedures are found in the "Blue Book," which is accessible at: http://bcbs.com/assets/ providers/public/pdfs/BlueBook_July2016.pdf. Copies of the relevant excerpts are attached as Exhibit C. Section(s) 5.1 clearly states that all Blue Card claims, i.e. claims for members of a BCBS Affiliate holding a blue card, should be sent to BCBSNC and 5.1.1 clearly state that the Blue Card program applies to all claims except for the following: prescription drugs, stand-alone dental, stand-alone vision and Federal Employees Program. These provisions are material to the Network Provide Agreement.

11. Starting with dates of service of November 14, 2017, in clear contravention and in breach of the Network Participation Agreement, BCBSNC unilaterally started denying several Blue Card claims stating that the claims should be sent to the State where the lab specimen was drawn. These denials are a breach of the Network Provider Agreement and has been continual since December 12, 2017. As of the date of filing of this Complaint, the Plaintiff has been damaged in excess of $15,490,440.00.

12. By and through its agents, LifeBrite made several good faith efforts to resolve this matter with BCBSNC, including but not limited to telephone calls and written correspondence to Network Management as set forth and required in the Network Participation Agreement.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

13. LifeBrite realleges and incorporates all of the foregoing paragraphs set forth in the Complaint.

14. BCBSNC has materially breached the Network Participation Agreement by its refusal to process claims and reimburse LifeBrite for services rendered to its members.

15. LifeBrite is entitled to a judgment against the BCBSNC of the full amount due under the Network Participation Agreement because of BCBSNC's breach, plus interest at the rate of eight percent (8.0%) per annum, plus reasonable attorney fees.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

16. LifeBrite realleges and incorporates all of the foregoing paragraphs set forth in the Complaint.

17. In the alternative, LifeBrite's provision of services to Members conferred a valuable benefit to BCBSNC. BCBSNC has received services from LifeBrite in excess of $25,000.00, to which it should be required to compensate LifeBrite for the reasonable value of those services.

18. LifeBrite is entitled to a judgment in excess of $25,000.00 from BCBSNC for the unjust enrichment of BCBSNC.

WHEREFORE, the Plaintiff prays of the Court the following relief:

1. That the Court enter a judgment against the Defendant in the amount of the outstanding balance due under the Network Participation Agreement which is in excess of $25,000.00, plus all such other interest and charges as become due under the Network Participation Agreement during the pendency of this litigation;

2. That the Court award Plaintiff interest at the rate of eight percent (8.0%) as of the date of the breach of the Network Participation Agreement;

4. That the Court award Plaintiff a judgment against Defendant for an amount in excess of $25,000.00, from BCBSNC for unjust enrichment;

5. That the Court award Plaintiff reasonable attorney fees and costs; and

6. For such other and further relief as the Court deems just and proper.

Michael R. Bennett, Esq.
N.C. State Bar No. 16551

OF COUNSEL:

BENNETT & WEST, PLLC
P.O. Box 775
King, NC 27021
(336) 983-3177